IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CENTRAL LABORERS' PENSION,**
**WELFARE & ANNUITY FUNDS,**

    **Plaintiffs,**

v.

**R.M. MASONRY and**
**RYAN MALTER,**

    **Defendants.**                                            Case No. 08-cv-237-DRH

## ORDER

**HERNDON, Chief Judge:**

       This matter comes before the Court on Plaintiffs' Motion for Default Judgment (Doc. 8). The docket reflects that Plaintiffs filed their Complaint (Doc. 2) on March 28, 2008 and defendants R.M. Masonry and Ryan Malter were personally served on May 6, 2008 (Docs. 4 & 5). Neither Defendant filed a responsive pleading nor entered an appearance. On May 29, 2008, the Clerk's Entry of Default was issued as to both Defendants (Doc. 7). Plaintiffs next moved for default on July 9, 2008 (Doc. 8).

       Plaintiffs Central Laborers' Pension, Welfare & Annuity Funds (the "Funds") allege in their Complaint that Defendants' authorized representative "executed a Memorandum of Agreement ("MOA"), dated March 2, 2005, thereby

binding defendant[s] to the terms of the Memorandum of Agreement (Highway District 8), dated August 1, 2003 through July 31, 2006" (Doc. 2 - Complaint, ¶ 4 and Ex. 1 - MOA). Plaintiffs further allege that based on the terms and conditions of the MOA, "Defendants are also bound by the terms and conditions as set forth in the Restated Agreement and Declaration of Trust ("Trust"), establishing the Central Laborers' Pension, Welfare & Annuity Funds" (*Id*. at ¶ 7 and Ex. 2 - Trust). By the terms of the MOA and the Trust, Plaintiffs allege Defendants are obligated to make fringe benefit contributions, obligated to report the hours worked by its hired union employees, and Plaintiffs are entitled to collect liquidated damages on all late contributions (*Id*. at ¶¶ 9-10).

Plaintiffs conducted an audit of Defendants' payroll records and books for the time period of March 1, 2005 through March 31, 2007; the audit showed Defendants owed Plaintiffs $24,241.86 in delinquent contributions and related liquidated damages (*Id*. at ¶¶ 15-16 and Exs. C & D - audit papers ). Plaintiffs also claim there may be additional amounts due and owing, for which further audit of Defendants' books is required; Defendants have refused Plaintiffs' request to conduct a further audit (*Id*. at ¶¶ 18-19). Plaintiffs seek a default judgment in the amount of $24,241.86, plus $1,672.50 in related attorneys' fees and costs, for a total monetary award of $25,914.36 (Doc. 8, ¶¶ 17, 22-23 and Ex. 5). Plaintiffs also request the Court retain jurisdiction over this matter for "enforcement purposes" in the event they discover Defendants have additional amounts due and owing (*Id*. at ¶ 4).

A party is authorized to seek a default judgment pursuant to **FEDERAL**

**RULE OF CIVIL PROCEDURE 55**. Under this Rule, the Court may enter a judgment by default when the non-moving party has "failed to plead or otherwise defend" itself. **FED. R. CIV. P. 55.** The decision to grant or deny default judgment lies within the district court's discretion and is only reviewed for abuse of discretion. ***Homer v. Jones-Bey*, 415 F.3d 748, 753 (7th Cir. 2005)**. "As a general rule, a 'default judgment establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint,'" as long as plaintiff's allegations are well-plead. ***Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir. 1982))**. Plaintiff must then establish a right to the requested relief sought. ***In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).**

A party obtaining a default judgment in its favor is not entitled to an award "exceed[ing] [the] amount [] prayed for in the demand for judgment." **FED. R. CIV. P. 54(c)**. Allegations within the complaint regarding damages are not deemed true upon the rendering of a default judgment. ***In re Catt*, 368 F.3d at 793 (citations omitted); *Dundee Cement Co.*, 722 F.2d at 1323 (citations omitted)**. Instead, the district court must determine with reasonable certainty the proper amount to award as damages to the prevailing party. ***Id.*** Such determination can be made either based upon an evidentiary hearing or from "definite figures contained in the documentary evidence or in detailed affidavits." ***Dundee Cement Co.*, 722**

**F.2d at 1323 (citations omitted);** *see also In re Catt*, **368 F.3d at 793**.

The Court has a problem with two evidentiary items, which prevent it from determining with reasonable certainty the proper amount to award in damages. The MOA Plaintiffs attach to their Complaint (Doc. 2, Ex. 1), indicates on its cover page that the MOA is effective for the time period from August 1, 2003 through July 31, 2006. Plaintiffs have properly attached Defendants' signature page to the MOA, demonstrating the likelihood that Defendants have agreed to be bound by terms and conditions of the MOA, at least for that period of time from August 1, 2003 through July 31, 2006. In their Complaint and also the Motion for Default Judgment, Plaintiffs quote the following article in the MOA:

> ARTICLE 30
> Beginning and Duration of Contract
>
> This Agreement shall be effective August 1, 2003, and shall remain in full force and effect through July 31, 2006. Either party may give notice in writing to the other party sixty (60) days before the contract expiration date that it desires to terminate this Agreement. Notice to modify the contract with respect to any provisions given by either party shall not terminate the contract and shall not render the automatic renewal clause inoperative.

(Doc. 2, Ex. 1, p. 42).

Plaintiffs allege that Defendants never gave written notification of their intent to terminate the MOA and therefore, Defendants remained obligated under the terms and conditions of the MOA past the July 31, 2006 date (which explains why Plaintiffs' audit of Defendants' books looked for funds owed through March 31, 2007). Although Plaintiffs do not clearly allege as much, it appears their allegation

that Defendants' continued obligations under the MOA and Trust stem from the language of Article 30 of the MOA, which discusses the "automatic renewal clause." What the Court finds problematic about the language of Article 30 is that it references this clause, yet at least from the Court's examination, nowhere else in the MOA is the "automatic renewal clause" even mentioned, let alone its terms specified. Likely, Article 30 itself can be construed as the "automatic renewal clause," but this is not for the Court to speculate, as speculation does not constitute "reasonable certainty." Further, determining whether this automatic renewal clause is valid and operated to continue Defendants' obligations under the MOA and Trust, past July 31, 2006, has bearing on the amount to be awarded in default. Therefore, more information is necessary. In particular, Plaintiffs should endeavor to provide evidence of the "automatic renewal clause," or at the very least, adequately explain its application to the instant matter.

Next, Plaintiffs' request for attorneys' fees and costs is also not properly substantiated. The Affidavit of Plaintiffs' Attorney (Doc. 8, Ex. 5)[1] should be accompanied by attached records showing a reasonable itemization of the attorney hours worked on the matter (generally provided by billing statements)[2] as well as any receipts for the costs incurred. (These costs should at least be reflected on the billing statements.)

---

[1] Shown as "Attachment 1" to Document # 8 on the case docket.

[2] Redacted, in part, if necessary, to preserve the attorney-client privilege.

Therefore, the Court **DEFERS** its ruling on Plaintiffs' Motion for Default Judgment (Doc. 8).  Instead, Plaintiffs are **ORDERED** to file a Supplement to their Motion so that they may attempt to adequately address the evidentiary deficiencies discussed within this Order.  Plaintiffs' Supplement shall be filed by **Friday, August 29, 2008**.  Should Plaintiffs fail to timely file a Supplement or request an extension, the instant Motion shall be denied.  If Plaintiffs are unable to provide the supplemental evidentiary items, they may request that the Court conduct an evidentiary hearing, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 55(b)(2)**; such motion for evidentiary hearing should be filed in lieu of the Supplement.

**IT IS SO ORDERED.**

Signed this 1st day of August, 2008.

/s/       DavidRHerndon
**Chief Judge**
**United States District Court**