**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**CENTRAL LABORERS' PENSION,**
**WELFARE & ANNUITY FUNDS,**

    **Plaintiffs,**

**v.**

**R.M. MASONRY and**
**RYAN MALTER,**

    **Defendants.**                    **Case No. 08-cv-237-DRH**

<u>**ORDER**</u>

**HERNDON, Chief Judge:**

This matter comes before the Court on Plaintiffs' Motion for Default Judgment (Doc. 8). On August 1, 2008, the Court issued an Order (Doc. 10) for Plaintiffs to Supplement their Motion for Default Judgment. Although the Court found Defendants to be in default, the Court could not properly determine the amount to award in default because of two evidentiary shortcomings. First, from the evidence Plaintiffs submitted, the Court could not determine that Defendant's contractual obligations existed for the time period at issue in Plaintiffs' Complaint. Second, the amount of attorneys' fees and costs sought by Plaintiffs' counsel in reimbursement were not substantiated by any itemized billing statements. Plaintiffs have since submitted their Supplement (Doc. 13), which the Court finds sufficient to allow it to award a default judgment in Plaintiffs' favor.

To recap, plaintiffs Central Laborers' Pension, Welfare & Annuity Funds

(the "Funds") allege in their Complaint that Defendants' authorized representative "executed a Memorandum of Agreement ("MOA"), dated March 2, 2005, thereby binding defendant[s] to the terms of the Memorandum of Agreement (Highway District 8), dated August 1, 2003 through July 31, 2006" (Doc. 2 - Complaint, ¶ 4 and Ex. 1 - MOA). Plaintiffs further allege that based on the terms and conditions of the MOA, "Defendants are also bound by the terms and conditions as set forth in the Restated Agreement and Declaration of Trust ("Trust"), establishing the Central Laborers' Pension, Welfare & Annuity Funds" (*Id*. at ¶ 7 and Ex. 2 - Trust). By the terms of the MOA and the Trust, Plaintiffs allege Defendants are obligated to make fringe benefit contributions, obligated to report the hours worked by its hired union employees, and Plaintiffs are entitled to collect liquidated damages on all late contributions (*Id*. at ¶¶ 9-10). A section of the MOA states as follows:

ARTICLE 30
Beginning and Duration of Contract

This Agreement shall be effective August 1, 2003, and shall remain in full force and effect through July 31, 2006. Either party may give notice in writing to the other party sixty (60) days before the contract expiration date that it desires to terminate this Agreement. Notice to modify the contract with respect to any provisions given by either party shall not terminate the contract and shall not render the automatic renewal clause inoperative.

(Doc. 2, Ex. 1, p. 42).

Plaintiffs allege that Defendants never gave written notification of their intent to terminate the MOA and therefore, Defendants remained obligated under the terms and conditions of the MOA past the July 31, 2006 date.

Plaintiffs conducted an audit of Defendants' payroll records and books for the time period of March 1, 2005 through March 31, 2007; the audit showed Defendants owed Plaintiffs $24,241,86 in delinquent contributions and related liquidated damages (Doc. 2, ¶¶ 15-16 and Exs. C & D - audit papers ). Plaintiffs also claim there may be additional amounts due and owing, for which further audit of Defendants' books is required; Defendants have refused Plaintiffs' request to conduct a further audit (*Id*. at ¶¶ 18-19). Plaintiffs seek a default judgment in the amount of $24,241.86, plus $1,672.50 in related attorneys' fees and costs, for a total monetary award of $25,914.36 (Doc. 8, ¶¶ 17, 22-23 and Ex. 5). Plaintiffs also request the Court retain jurisdiction over this matter for "enforcement purposes" in the event they discover Defendants have additional amounts due and owing (*Id*. at ¶ 4).

First, Plaintiffs argue that the behavior of the Parties indicate a mutual understanding that the Memorandum of Agreement ("MOA") between Plaintiffs and Defendants automatically renewed itself on an annual basis, past the duration of July 31, 2006, unless either Party gave written notice of termination. To support their assertion, Plaintiffs attach report forms, provided by Defendants to Plaintiffs, subsequent to the July 31, 2006, initial MOA expiration date. The Court finds that the evidence shows the Parties operated as if the "automatic renewal clause" of the MOA was in effect for the time period for which Plaintiffs seek reimbursement from Defendants for delinquent contributions.

Next, the Court finds that Plaintiffs' counsel has properly substantiated his Affidavit regarding Plaintiffs' request for attorneys' fees and costs by submitting

relevant itemized billing statements to reflect the amount sought. However, Plaintiffs' counsel's supplemental affidavit seeks a greater amount in reimbursement of attorneys' fees and costs than did his original affidavit. The Court will only entertain the original relief requested. The Order for a supplement was to allow Plaintiffs a chance to provide evidentiary substantiation – it was not a "do-over" whereby Plaintiffs could seek a greater award. Furthermore, the attorneys' fees associated with providing the required Supplement are not to be awarded as part of a default judgment; Defendants should not be found responsible or liable for the evidentiary shortcomings of Plaintiff's initial Motion for Default Judgment.

Because Plaintiffs have adequately provided the Court with evidence necessary to substantiate its request for a default judgment, Plaintiffs' Motion for Default Judgment (Doc. 8) is **GRANTED**. Accordingly, a default judgment in favor of Plaintiffs and against Defendants is hereby awarded, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 55(b)(2)**, in the amount of $24,241.86 for Defendants' delinquent contributions and related liquidated damages plus $1,672.50 in related attorneys' fees and costs, for a total monetary award of **$25,914.36**.

**IT IS SO ORDERED.**

Signed this 15th day of October, 2008.

/s/      David R Herndon
**Chief Judge**
**United States District Court**